UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TYRONE HOLMES et al.,

        Plaintiffs,

  -v-                                            No. 11 Civ. 1543 (LTS)(DF)

BRYAN M. HARRIS a/k/a
BRYAN MICHAEL HARRIS et al.,

        Defendants.
-------------------------------------------------------x

ORDER

        The Court has reviewed Magistrate Judge Freeman's February 28, 2013, Report and Recommendation (the "Report"), which recommends granting Defendants' motion to dismiss the Amended Complaint, with prejudice, and denying Defendants' motion for sanctions against Plaintiffs Tyrone Holmes ("Holmes") and Samuel's Temple Church of God in Christ, Inc. ("Church of God") and their former counsel Eric Suffin, Esq. ("Suffin"). Timely objections to the Report ("Objections") were received from both Plaintiffs, but no objections have been received from the Defendants. In addition to the Objections, Plaintiffs also submit a proposed Third Amended Complaint. Familiarity with Judge Freeman's Report is presumed.

        Plaintiffs, through their new attorney, raise twenty-two objections to Magistrate Judge Freeman's Report, none of which is elaborated upon in any detail. Although Holmes and Church of God have filed their responses separately, the same twenty-two objections are offered by both Plaintiffs and they all relate to Judge Freeman's recommendation that Defendants' motion to dismiss be granted. No objections have been filed regarding Judge Freeman's recommendation that Defendants' motion for sanctions against the Plaintiffs and Suffin be denied. Upon a careful review of the Report, the parties' submissions and the Plaintiffs'

Objections, the Court hereby adopts in part and modifies in part Judge Freeman's Report. Specifically, the Court adopts the Report with the exception of its recommendation that Plaintiffs' Amended Complaint be dismissed with prejudice.

DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2006). In order to accept those portions of the Report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Carlson v. Dep't of Justice, No. 10 Civ. 5149(PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted). Where specific objections are made, the Court must make a de novo determination as to those aspects of the report. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error." Kozlow v. Horn, No. 09 Civ. 6597(LTS)(RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings)). Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 382 (citation omitted).

"The grant or denial of an opportunity to amend [a complaint] is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). A court must "freely grant leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However,

"motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008).

Defendants' Motion for Sanctions

As no objections were filed regarding Magistrate Judge Freeman's recommendation that Defendants' motion for sanctions be denied, the Court has reviewed the Report for clear error and finds none. Accordingly, the Court adopts this part of Magistrate Judge Freeman's Report and Defendants' motion for sanctions is denied.

Defendants' Motion to Dismiss

Plaintiffs offer twenty-two vague and conclusory Objections to Judge Freeman's recommendation that Defendants' motion to dismiss be granted. For example, Plaintiffs argue repeatedly that the Court should not follow Judge Freeman's recommendation because the Report advises a "drastic remedy" and that it would be "drastic to dismiss such a claim." (See Plaintiff's Objections ¶¶ 1, 11, and 12.) Most of Plaintiffs' objections recite general legal principles and none of them makes specific reference to Judge Freeman's findings. Accordingly, the Court has reviewed the Report for clear error and finds none. The part of Judge Freeman's Report that recommends dismissing Plaintiffs' current Amended Complaint is adopted.

However, given the claims and damages alleged here, as well as the procedural history of this case, in an abundance of caution, the Court will dismiss Plaintiffs' current Amended Complaint without prejudice to the filing of a Third Amended Complaint.


CONCLUSION

Accordingly, the Court adopts Magistrate Judge Freeman's Report in its entirety except to the extent that it recommends dismissal of the Amended Complaint with prejudice. Plaintiffs are hereby granted one last opportunity to amend their pleadings. Plaintiffs must file a Third Amended Complaint and serve it on Defendants Bryan M. Harris a/k/a Bryan Michael Harris and Bluebox Entertainment, Inc. by **April 15, 2013.** This Third Amended Complaint must remedy all of the pleading defects that Judge Freeman has previously identified and it also must address the flaws identified by Defendants' motion to dismiss. Plaintiffs will not be granted another opportunity to amend the Complaint. If no amended complaint is timely filed, the action will be dismissed with prejudice and without further advance notice.

Defendants' sanctions motion is denied.

This Order resolves docket entry numbers 104 and 117.

SO ORDERED.

Dated: New York, New York
       March 25, 2013

                                        /S
                                        LAURA TAYLOR SWAIN
                                        United States District Judge